UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BEDEE,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

FULTON, FRIEDMAN AND GULLACE, LLP
a foreign entity, and
ASSET ACCEPTANCE, LLC,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendants to this lawsuit are:

1

    a. Asset Acceptance, LLC which is a Delaware company that maintains registered offices in Oakland County and

    b. Fulton, Friedman and Gullace which is, upon information and belief, an Arizona limited liability partnership company that maintains registered offices in Maricopa County ("Fulton"). Fulton is a law firm.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Monroe County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendants are attempting to collect a consumer type debt allegedly owed by Plaintiff to Asset Acceptance which debt was formerly owed to GE Money Bank/Select Comfort Retail in the amount of $3,460.29.

7. Asset Acceptance purchased the debt at a time when the debt was in default and hence is subject to the FDCPA.

8. On or about November 29, 2012, Plaintiff received a letter from Defendant, Fulton Friedman & Gullace, LLP, which was dated November 16, 2012, attempting to collect on this alleged debt.

9. A couple days later after receiving this letter, Plaintiff wrote this letter, "I am not responsible for your assumption. Send validation of entire debt." He then mailed this letter with his written validation request (located on this letter) to Defendant, Fulton,

10. Plaintiff never received validation of the debt from Fulton

11. On or about February 2, 2013, Plaintiff was served with a lawsuit from Asset Acceptance, LLC, through its attorneys, Fulton, which was dated January 2, 2013 regarding the debt allegedly owed to GE Money Bank/Select Comfort Retail.

12. Attached to this lawsuit was a letter from Asset Acceptance dated December 26, 2012 giving Plaintiff "validation" of the alleged debt. In the bottom right hand corner of this letter, Asset Acceptance has the phrase, "Not previously mailed."

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

   a. Actual damages.

   b. Statutory damages.

   c. Treble damages.

   d. Statutory costs and attorney fees.

Respectfully submitted,

March 18, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff