UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BEDEE,

        Plaintiff,

v.                                                                                          CASE NO. 2:13-cv-11182

ASSET ACCEPTANCE, LLC,                                      HON. MARIANNE O. BATTANI

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff Brian Bedee's Motion for Summary Judgment (Doc. 29) and Defendant Asset Acceptance, LLC's Motion for Summary Judgment (Doc. 28). Bedee filed a complaint, alleging that Defendants Fulton, Friedman & Gullace, LLP ("Fulton") and Asset Acceptance, LLC ("Asset") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and state law when they failed to stop collection activities after Bedee requested validation of the debt. For the reasons stated below, Defendant Asset's motion is **GRANTED** and Bedee's motion is **DENIED**.

### I.  STATEMENT OF FACTS

Asset purchases charged-off accounts from credit originators and other sellers. It owns a delinquent account in Bedee's name. On July 19, 2012, Asset sent a notice ("First Notice") to Bedee advising him that Asset owned the Account and notifying him that he had thirty days from receipt of the letter to dispute the validity of the debt. Bedee did not respond to this notice.

Thereafter, Asset retained Fulton as counsel to pursue the claim against Bedee. On November 16, 2012, Fulton, acting as legal counsel for Asset, sent another notice ("Second Notice") to Bedee advising him that Asset owned the Account, and that he had thirty days to dispute the validity of the debt.

According to Bedee, almost immediately after receiving the Second Notice he responded by writing a note at the bottom of the notice and mailing it to Fulton. He wrote: "I am not responsible for your assumption, send validation of entire debt." Bedee asserts he sent the letter by regular mail.

Fulton asserts that it did not receive the letter until February 12, 2013 when Bedee answered the January 2013 lawsuit Fulton filed on behalf of Asset to collect on the Account. Bedee attached his request for more information as an exhibit to his Answer.

On March 18, 2013, Bedee filed suit in this Court against Asset and Fulton alleging violations of the FDCPA and state law. In his complaint, Bedee alleges that he responded to the Fulton notice with his handwritten notice in December 2012. (Doc. No. 28, Ex. At 51-58). Bedee does not allege that he communicated with Asset or requested validation of the debt from Asset. Instead, Bedee asserts that Defendants violated federal and state law by failing to respond to his request before filing the state court action.

On May 24, 2013, Bedee dismissed Fulton with prejudice from this lawsuit. (Doc. No. 16). In exchange, Bedee received $1,000 from Fulton, with additional funds (approximately $5,000) going to Bedee's counsel. In addition, Bedee dismissed all of

the state claims against Asset. Now before the Court are the parties' cross-motions for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## III. ANALYSIS

Bedee argues that Asset violated the FDCPA when it failed to respond to his request for validation of the debt and unlawfully filed a lawsuit in state court. Although Bedee settled with Fulton, he asserts that the settlement does not affect Asset's liability. In addition, he claims Asset is liable for additional damages because the settlement did not delineate a specific amount as statutory damages under the FDCPA, which are only recoverable up to $1,000 per action. See Wright v. Fin. Serv. of Norwalk, 22 F.3d 647, 651 (6th Cir. 1994) (noting that "Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation"). Instead, he seeks actual damages arising from the stress and emotional toll suffered in defending himself in the state court action.

Asset argues the settlement agreement with Fulton bars Bedee's remaining claims because Bedee did not respond to the First Notice sent by Asset. In other

3

words, Bedee is seeking to hold Asset vicariously liable for Fulton's failure to respond to Bedee's request for validation of the debt. Although Asset raised several other arguments in its briefs, the Court concludes this issue is dispositive.

The FDCPA requires that a debt collector send written notice of the amount of the debt, the name of the creditor, and other information to the consumer. 15 U.S.C. § 1692g(a). If the consumer requests verification of the debt within thirty days of the written notice, the debt collector must mail the information to the consumer. § 1692g(a)(4). A failure to send verification of the debt constitutes a violation of the FDCPA.

It is undisputed that Asset is a "debt collector" as prescribed in the FDCPA, § 1692a(6), and that Bedee did not respond to the First Notice sent by Asset. (Doc. 29, Ex. A). Rather, Bedee responded to the Second Notice sent by Fulton on behalf of Asset. It is also undisputed that Bedee settled with Fulton and dismissed it from the lawsuit. Contrary to Bedee's assertion that he is not bringing his claim under a vicarious liability theory, he is clearly proceeding against Asset based on the Second Notice sent by Fulton.

Generally, "a valid release of an agent for tortious conduct operates to bar recovery against the principal on a theory of vicarious liability, even though the release specifically reserves claims against the principal." Theophelis v. Lansing Gen. Hosp., 424 N.W.2d 478, 481 (Mich. 1988) (citations omitted). The same reasoning applies if there is no signed release of the agent, and the agent is merely dismissed with prejudice. See Al-Shimmari v. Detroit Med. Ctr., 731 N.W.2d 29, 38 (Mich. 2007) (holding that "dismissal of the claims against defendant [agent] operates as an

4

adjudication on the merits . . . [and] the remaining defendants cannot be held vicariously liable for [agent's] acts").

Here, Bedee seeks to hold Asset vicariously liable for Fulton's failure to send verification of the debt. Bedee admits that he did not respond to Asset's First Notice, and therefore, there is no other basis to proceed against Asset. Indeed, Asset committed no separate violation of the FDCPA independent of Fulton's conduct. Consequently, there is no genuine issue of material fact and Bedee's claim is precluded by the dismissal of Fulton from the action.

## IV. CONCLUSION

Accordingly, Defendant Asset's motion is **GRANTED** and Bedee's motion is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: February 18, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager